**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Cohen,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Board of Regents and Raymond Anderson, an individual,<br><br>    Defendants. | No. CV-21-01178-PHX-GMS<br><br>**ORDER** |

Before the Court is Plaintiff David Cohen's Motion for Leave to File Second Amended Complaint (Doc. 44). For the following reasons, the motion is granted.

Plaintiff filed this action against Arizona State University, Arizona Board of Regents ("ABOR"), and Raymond Anderson on July 7, 2021, alleging claims for Retaliation under Title VII of the Civil Rights Act and Wrongful Termination. Plaintiff filed a First Amended Complaint in September 2021. On May 31, 2022, the Court granted in part and denied in part a Motion to Dismiss the First Amended Complaint, dismissing Arizona State University from the action. (Doc. 23.) On October 31, 2022, Plaintiff filed the instant motion, asking for leave to file a Second Amended Complaint in response to discussions between the parties about alleged deficiencies in the First Amended Complaint. The Second Amended Complaint removes any request for punitive damages against

Defendant ABOR, removes any request for emotional distress damages against ABOR based on Plaintiff's Title VII and Title IX claims, removes ASU as a Defendant, clarifies that Plaintiff's Title VII and Title IX claims are only asserted against ABOR, and adds a cause of action for Retaliation under 42 U.S.C. § 1983 against Defendant Anderson.

Under Federal Rule of Civil Procedure 15, the Court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). Generally, courts grant leave to amend freely in the absence of specific reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants do not argue that any of those reasons apply and prohibit amendment in this case. In their response, they only disagree with Plaintiff's statements that Defendants have "conceded" or "confirmed" that amendment would not be futile. Defendants instead state that "for the limited purpose of the motion for leave to amend, . . . they would not argue futility." (Doc. 45 at 2.) They further explain that they do not believe the § 1983 claim against ABOR can survive a motion to dismiss because ABOR is not a "person" that can be sued for damages in such a claim. *See, e.g.*, *Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623, 2019 WL 7282027, at *19 (D. Ariz. Dec. 27, 2019). Plaintiff asserts that there are several grounds on which he can bring his § 1983 claim, including (1) by brining the claim against Defendant Anderson in his individual capacity, (2) by seeking prospective injunctive relief against ABOR, and (3) by seeking emotional distress damages against all defendants. (Doc. 46.)

Ultimately, Defendants' objection is to the characterization of the parties' discussions, not to the Plaintiff's filing of an amended complaint. While the parties debate what types of damages may be sought against which defendants, Defendants do not assert that Plaintiff cannot recover damages of any kind against all Defendants on the newly added claims. Thus, the Court will not deny amendment on futility grounds. Defendants do not raise any other objection to amendment, such as undue delay or bad faith. Therefore,

under Rule 15's liberal standards, Plaintiff should be permitted to amend his complaint.

However, because the deadline in the Court's original scheduling order had passed at the time that Plaintiff filed the Motion for Leave, he must also demonstrate good cause to amend the scheduling order. Fed. R. Civ. P. 16. Defendants do not take a position on whether good cause exists to amend the scheduling order. (Doc. 45 at 2.) Plaintiff apparently learned of the alleged deficiencies in the First Amended Complaint on August 29, 2022, when Defendants sent a letter seeking dismissal of Defendant Mr. Anderson and requests for punitive damages. (Doc. 45 at 1-2.) The deadline to amend the pleadings passed on September 24, 2022. (Doc. 37.) Nevertheless, Plaintiff sought to amend the First Amended Complaint on October 31, 2022, in an attempt to cure the alleged deficiencies. Because this motion was filed one month after the deadline in response to issues raised by Defendants, good cause exists to amend the scheduling order. This is especially so because Defendants did not raise these issues in their previous Motion to Dismiss the First Amended Complaint. Moreover, because the scheduling order has since been vacated and the parties are directed to submit a new proposed case management order after the entry of this Order, the practical effect of amending the scheduling order at this stage to allow for amendment is minimal.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 44) is **GRANTED**. The Second Amended Complaint shall be filed no later than **May 12, 2023**.

**IT IS FURTHER ORDERED** that the parties shall submit a new proposed Case Management Order within 30 days of the entry of this Order, as outlined in the Court's Order at Doc. 52.

/ / /

/ / /

**IT IS FURTHER ORDERED** directing the parties to use the above caption for all future filing unless modified by the filing of the Second Amended Complaint or by Court order.

Dated this 9th day of May, 2023.

_____
G. Murray Snow
Chief United States District Judge