**PAPETTI SAMUELS WEISS MCKIRGAN LLP**
16430 North Scottsdale Road
Suite 290
Scottsdale, AZ 85254

**Robert McKirgan** (State Bar No. 011636)
Direct Dial: 480.800.3533
Email: rmckirgan@PSWMlaw.com

**Jennifer Lee-Cota** (State Bar No. 033190)
Direct Dial: 480.800.3528
Email: jleecota@PSWMlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David Cohen,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Arizona Board of Regents; and Raymond Anderson, an individual,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01178-PHX-GMS<br><br>**DEFENDANTS ARIZONA BOARD OF REGENTS AND RAYMOND ANDERSON'S ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Arizona Board of Regents ("ABOR") and Raymond Anderson (together with ABOR, "Defendants") answer Plaintiff's Second Amended Complaint ("SAC") (Doc. 55) as follows:

1. Defendants admit Plaintiff is bringing an action for alleged violations of Title VII, Title IX, and § 1983, and that Plaintiff was terminated from his position as Senior Associate Athletics Director at Arizona State University ("ASU") in December 2019. Defendants deny the remaining allegations in paragraph 1.

2. Defendants admit Plaintiff was employed at ASU and that he had responsibilities for ticketing sales. Defendants deny the remaining allegations in paragraph 2.

3. Deny.

4. Defendants admit that ASU's investigation found sufficient evidence to conclude Bart Wear sexually harassed Kathy Cohen and one other woman on March 14, 2019, during an ASU men's basketball game in a stadium in Las Vegas, Nevada during a

tournament administered by the Pac-12 athletic conference. Defendants also admit ASU's investigation found Mr. Wear had sexually harassed another woman on a different occasion. Defendants deny the remaining allegations in paragraph 4.

5. Defendants admit ASU terminated Plaintiff on December 13, 2019. Defendants deny the remaining allegations in paragraph 5.

6. Deny.

7. Defendants admit this Court has jurisdiction over the three remaining claims in this lawsuit, *i.e.* Title VII, Title IX and 42 U.S.C. § 1983. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit venue is proper in this Court. Defendants deny the allegation that an unlawful employment practice was committed in this district.

9. Defendants admit a claim was made to the EEOC. Defendants deny the remaining allegations in paragraph 9 for lack of knowledge or information.

10. Defendants deny the allegations in paragraph 10 for lack of knowledge or information.

11. Defendants admit Plaintiff submitted a reply.

12. Defendants deny the allegations in paragraph 12 for lack of knowledge or information.

13. Defendants deny the allegations in paragraph 13 for lack of knowledge or information.

14. Defendants deny the allegations in paragraph 14 for lack of knowledge or information.

15. Admit.

16. Defendants admit Plaintiff was employed at ASU in the athletic department and was later terminated from ASU. Defendants deny the remaining allegations in paragraph 16.

17. Admit.

18. Admit.

19. Defendants admit Mr. Anderson resides in Arizona and that he was Plaintiff's direct supervisor until approximately August 12, 2019.

20. Defendants admit Plaintiff was a Senior Associate Athletic Director for ASU from June 2014 to December 2019 and had some responsibility for overseeing ticket sales and, at certain points in time, overseeing the basketball and swimming programs. Defendants deny the remaining allegations in paragraph 20.[1]

21. Defendants admit that ASU provides a preventing harassment and a Title IX duty to report training to its employees that are consistent with ASU's policies and procedures. Defendants affirmatively allege that ASU's policy on required reporting states: "Unless a person is restricted by law from doing so, any employee who is informed of or has a reasonable basis to believe that sexual harassment, including Title IX sexual harassment, has occurred, shall immediately report all information regarding the occurrence(s) to the Office of University Rights and Responsibilities or the Title IX Coordinator or the Dean of Students office." Defendants further affirmatively allege that ASU's policy on required reporting requires reporting any conduct that could violate the ASU policy, rather than only conduct that could constitute a violation of federal or state law, expressly stating that "[i]nappropriate conduct need not rise to the level of a violation of federal or state law to constitute a violation of this policy and to warrant disciplinary action/sanctions."

22. Defendants admit that ASU provides preventing harassment and a Title IX duty to report training to its employees and that some online trainings include an assessment component. Defendants deny the remaining allegations in paragraph 22.

23. Defendants admit the training included the importance of reporting inappropriate conduct to designated individuals consistent with ASU's policies and procedures. Defendants deny the remaining allegations in paragraph 23.

24. Deny.

---

[1] To the extent the headings in the FAC contain any factual allegations, Defendants deny those allegations.

25. Defendants lack knowledge or information as to Plaintiff's "primary takeaway" from the trainings and therefore, denies the allegations in paragraph 25. Defendants affirmatively allege that Mr. Anderson is not one of the individuals or offices to which ASU's policy directs that inappropriate conduct be reported.

26. Defendants admit ASU provides training on required reporting to its employees consistent with its policies and procedures. Defendants also admit ASU's policies prohibit retaliation and that ASU's trainings are consistent with its policies. Defendants deny the remaining allegations in paragraph 26 for lack of knowledge or information.

27. Defendants admit that Ed Sandidge had been reprimanded. Defendants deny the remaining allegations in paragraph 27.

28. Defendants admit that ASU's investigation found sufficient evidence to conclude Mr. Wear sexually harassed Mrs. Cohen and one other woman on March 14, 2019, during an ASU men's basketball game in a stadium in Las Vegas, Nevada during a tournament administered by the Pac-12 athletic conference. Defendants also admit ASU's investigation found Mr. Wear had sexually harassed another woman on a different occasion. Defendants deny the remaining allegations in paragraph 28.

29. Deny.

30. Defendants admit that Mr. Wear, similar to other donors, was granted some access to ASU athletics, including access to specific game seat locations. Defendants deny the remaining allegations in paragraph 30.

31. Defendants admit that during the March 14, 2019, game, Plaintiff provided Mr. Wear with access to specific game seat locations where ASU staff and their families were also sitting. Defendants deny the remaining allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32 for lack of knowledge or information.

33. Defendants admit that on March 25, 2019, Plaintiff told Mr. Anderson and Scott Nelson about Mr. Wear's conduct at the March 14 game. Defendants deny the

4

remaining allegations in paragraph 33 for lack of knowledge or information.

34. Defendants admit Mr. Wear was an ASU booster who donated to ASU. Defendants deny the remaining allegations in paragraph 34.

35. Defendants admit Plaintiff informed Mr. Anderson of Mr. Wear's conduct at the March 14 game on March 25. Defendants also admit Mr. Anderson asked Mr. Nelson to have a discussion with Rick Shangraw regarding Mr. Wear. Defendants deny the remaining allegations in paragraph 35.

36. Deny.

37. Deny.[2]

38. Defendants admit that Mr. Nelson spoke to Mr. Shangraw in April 2019 and learned there were no prior reports of Mr. Wear behaving inappropriately. Defendants deny the remaining allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39 for lack of knowledge or information.

40. Defendants admit that on April 22, 2019, Plaintiff informed Jean Boyd of Mr. Wear's conduct at the March 14 game. Defendants also admit that Mr. Boyd acknowledged his duty to report sexual harassment consistent with ASU policy, but that he did not report the allegations relayed to him by Plaintiff because Plaintiff strenuously requested Mr. Boyd keep the information confidential. Defendants deny the remaining allegations of paragraph 40.

41. Defendants admit Mr. Anderson and Plaintiff attended a home baseball game against UCLA in May 2019 and that Plaintiff discussed Mr. Wear with Mr. Anderson at the game. Defendants lack knowledge or information related to Mr. Wear and his attendance at Devil's Ball. Defendants deny the remaining allegations in paragraph 41.

42. Defendants admit that Mr. Anderson, Mr. Wear, Mr. Boyd and Coach

---

[2] Defendants deny the timeline described in footnote 1 accurately characterizes the "timing of Mr. Cohen's reports to ASU." Defendants deny the remaining allegations in footnote 1.

5

1  Herm Edwards traveled to California and went golfing with Mr. Wear in early May
2  2019. Defendants deny the remaining allegations in paragraph 42.

3     43.   Defendants admit that on May 20, Plaintiff discussed Mr. Wear with Mr.
4  Boyd and that Mr. Boyd encouraged Plaintiff again, to report the incident to Deena
5  Garner-Smith, the Senior Associate Athletics Director whose duties include Title IX
6  compliance. Defendants further admit Plaintiff expressed anger related to whether Mr.
7  Anderson had addressed Mr. Wear's conduct. Defendants deny the remaining allegations
8  in paragraph 43.

9     44.   Defendants admit that Mr. Boyd met with Mr. Anderson on May 21 and
10 spoke with him regarding Plaintiff's allegations. Defendants deny the remaining
11 allegations in paragraph 44.

12    45.   Defendants admit Plaintiff first informed Mr. Anderson of Mr. Wear's
13 inappropriate conduct towards Mrs. Cohen on March 25. Defendants also admit Plaintiff
14 had spoken to other people within ASU about Mr. Wear's conduct. Defendants
15 affirmatively allege Plaintiff never reported Mr. Wear's behavior to the Office of
16 University Rights and Responsibilities or any of the university's Title IX Coordinator or
17 Deputy Coordinators, including Ms. Garner-Smith, despite Mr. Boyd's
18 recommendations. Defendants deny the remaining allegations in paragraph 45.

19    46.   Deny.[3]

20    47.   Defendants admit Plaintiff and Mr. Shangraw met on June 7. Defendants
21 further admit Plaintiff told Mr. Shangraw about Mr. Wear's inappropriate conduct
22 towards Mrs. Cohen. Defendants also admit that in mid-June Mr. Shangraw and Mr.
23 Anderson met and discussed Plaintiff's allegations related to Mr. Wear and that Mr.
24 Anderson informed Mr. Shangraw that he would speak with Mr. Wear when he returned
25 to Arizona from his home in California. Defendants deny the remaining allegations in
26 paragraph 47.

27    48.   Defendants admit Mr. Boyd had discussions with Plaintiff either on June

---
[3] Defendants deny the allegations in footnote 2.

6

1  19 or June 20 regarding Mr. Wear. Defendants deny the remaining allegations in
2  paragraph 48.
3      49.     Deny.
4      50.     Deny.
5      51.     Defendants admit Plaintiff was placed on administrative leave on August
6  15, 2019. Defendants admit Plaintiff's counsel sent a letter to ASU dated August 21,
7  2019. Defendants deny the remaining allegations in paragraph 51.
8      52.     Defendants admit the Sun Devil Club hosts a trip for donors involving a
9  chartered flight and that Mr. Wear attended at least one of those trips. Defendants deny
10 the remaining allegations in paragraph 52.
11     53.     The SAC omits paragraph 53.
12     54.     Defendants admit that several ASU athletics department employees were
13 among the individuals interviewed for ASU's investigation. Defendants also admit that
14 Mr. Anderson has discretion regarding bonuses of certain employees in the athletics
15 department. Defendants deny the remaining allegations in paragraph 54.
16     55.     Deny.
17     56.     Defendants deny ASU's investigation was concluded on or about
18 November 15, 2019, as Plaintiff's counsel had requested two weeks to provide a
19 response to the report. Plaintiff's counsel provided the response three weeks later, on
20 December 5, 2019. Defendants admit the investigation determined that Mrs. Cohen and
21 two other women were subjected to unwelcome comments and physical contact by Mr.
22 Wear. Defendants also admit that Mr. Wear attended an ASU men's basketball game on
23 December 7, 2019, but affirmatively allege that Mr. Wear was provided those tickets due
24 to an error by an administrative staff person and after Mr. Wear had agreed to be
25 disassociated from ASU and represented to ASU that he would cease further interaction
26 or contact with ASU's basketball program. Defendants affirmatively allege that, as soon
27 as they learned of the error and that Mr. Wear was acting inconsistent with his
28 representations, they took additional steps to affirmatively ban him from all athletics

7

1  events. Defendants deny the remaining allegations in paragraph 56.[4]

2      57.    Defendants admits the quoted language comes from ACD 401, ASU's policy titled, "Prohibition Against Discrimination, Harassment, and Retaliation." Defendants deny the remaining allegations in paragraph 57.

    58.    Defendants admit the quoted language comes from an Arizona Republic article quoting President Crow. Defendants deny the remaining allegations in paragraph 58.

    59.    Deny.

    60.    Deny.

    61.    Deny.

    62.    Defendants admit Plaintiff had his annual performance review on June 13, 2019, and that he received a bonus in connection with that review. Defendants further admit that in addition to Mr. Anderson, Mr. Boyd and Mr. Ferrara were present for a portion of the review. Defendants deny the remaining allegations in paragraph 62.

    63.    Defendants admit that at Plaintiff's performance review, Plaintiff was informed he would no longer be the administrator for the ASU swimming program, without any associated change in title, reporting structure, or compensation. Defendants admit Mr. Anderson explained he wanted Plaintiff to focus on increasing ticket sales. Defendants deny the remaining allegations in paragraph 63.

    64.    Defendants admit that Plaintiff and Mr. Anderson exchanged texts related to the bonus. Defendants also admit that on or around July 5, 2019, Plaintiff spoke with Mr. Ferrara and informed him that he heard that he would report to Mr. Ferrara. Defendants admit that Mr. Ferrara and Plaintiff had a joking exchange along the lines of if that were to happen, Mr. Ferrara would fire Plaintiff and then himself quit the next day so they both would not have to work during a holiday. Defendants affirmatively assert that this exchange was of a joking nature. Defendants deny the remaining allegations in paragraph 64.

---

[4] Defendants deny the allegations in footnote 3.

8

65. Defendants admit that Plaintiff had a meeting with Mr. Anderson, Mr. Boyd, and Mr. Ferrara on June 19, 2019, regarding Plaintiff's bonus structure. Defendants affirmatively assert that Plaintiff's bonus was always discretionary and never guaranteed, and that Plaintiff received a bonus in connection with his summer 2019 review. Defendants deny the remaining allegations in paragraph 65.

66. Defendants admit that on August 12, 2019, Plaintiff was informed in a meeting with Mr. Anderson and Mr. Ferrara that Plaintiff would be reporting to Mr. Ferrara for his ticketing responsibilities, but that he would continue to report to Mr. Anderson related to men's basketball administration. Defendants deny the remaining allegations in paragraph 66.

67. Deny.

68. Defendants admit that on August 12, 2019, Plaintiff went to speak with Amy Schramm and informed her that Mr. Anderson was retaliating against him. Defendants admit Ms. Schramm informed Plaintiff to speak with Kevin Salcido. Defendants further admit Plaintiff met with Mr. Salcido that same day. Defendants deny the remaining allegations in paragraph 68.

69. Defendants admit Plaintiff met with Dr. Rund and Mr. Shangraw. Defendants deny the remaining allegations in paragraph 69.

70. Defendants admit that Plaintiff was placed on paid administrative leave on August 15, 2019. Defendants also admit that a termination letter was sent to Plaintiff dated December 12, 2019. Defendants deny the remaining allegations in paragraph 70.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Defendants incorporate the foregoing paragraphs as if fully restated.

76. Deny.

77. Defendants admit Plaintiff was placed on administrative leave on August

9

15, 2019, and later terminated from his employment at ASU, less than six months after Plaintiff informed Mr. Anderson of Mr. Wear's conduct at the March 14 game. Defendants deny the remaining allegations in paragraph 77.

78. Deny.

79. Deny.

80. Defendants incorporate the foregoing paragraphs as if fully restated.

81. Admit.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Defendants incorporate the foregoing paragraphs as if fully restated.

88. Deny.

89. Defendants admit that Mr. Anderson was Plaintiff's direct supervisor until approximately August 12, 2019. Defendants admit that ASU terminated Plaintiff on December 13, 2019. Defendants deny the remaining allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90 for lack of knowledge or information.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Defendants deny Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" section of the SAC.

99. All other allegations in the SAC are denied unless expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

100. Plaintiff's SAC fails to state facts sufficient to state a claim upon which relief may be granted.

101. Defendants are immune from punitive damages. A.R.S. § 12-820.04.

102. Estoppel.

103. Waiver.

104. Failure to mitigate.

105. Defendants' conduct in terminating Plaintiff's employment was justified given the conclusions of the independent investigation.

106. Qualified immunity.

107. Defendants do not intentionally waive any affirmative defenses and reserves the right to amend this answer to state additional affirmative defenses should facts become known to support them.

## PRAYER FOR RELIEF

WHEREFORE Defendants seek judgment in its favor and against Plaintiff, as follows:

A. Plaintiff is denied all of his requested relief;

B. Defendants are awarded their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988(b), and any other applicable statute; and

C. For any other relief the Court deems just and proper.

DATED this 26th day of May, 2023.

PAPETTI SAMUELS WEISS MCKIRGAN LLP

/s/Jennifer Lee-Cota
Robert McKirgan
Jennifer Lee-Cota

*Attorneys for Defendants*

11

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael J. Pérez
Christopher W. Rowlett
Perez, Vaughn & Feasby Inc.
perez@pvflaw.com
rowlett@pvflaw.com

José de Jesús Rivera
Miller, Pitt, Feldman & McAnally P.C.
jrivera@mpfmlaw.com

*Attorneys for Plaintiff*

/s/Joye Allen