**PAPETTI SAMUELS WEISS MCKIRGAN LLP**
16430 North Scottsdale Road
Suite 290
Scottsdale, AZ 85254

**Robert McKirgan** (State Bar No. 011636)
Direct Dial: 480.800.3533
Email: rmckirgan@PSWMlaw.com

**Lawrence A. Kasten** (State Bar No. 020204)
Direct Dial: 480.908.1855
Email: lkasten@PSWMlaw.com

**Jennifer Lee-Cota** (State Bar No. 033190)
Direct Dial: 480.800.3528
Email: jleecota@PSWMlaw.com

**Heather Robles** (State Bar No. 036790)
Direct Dial: 480.800.3522
Email: hrobles@PSWMlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Cohen,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Arizona Board of Regents; and Raymond Anderson, an individual,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01178-PHX-GMS<br><br>**ABOR'S MOTION IN LIMINE NO. 3 TO ADMIT ARMSTRONG TEASDALE'S FINAL REPORT** |

Papetti Samuels Weiss McKirgan LLP
16430 North Scottsdale Road
Suite 290
Scottsdale, AZ 85254

PSWM

1  On August 15, 2019, Ray Anderson fired Plaintiff. Plaintiff immediately claimed retaliation for his March 2019 "report" of Bart Wear's conduct at a Pac-12 basketball game. Within days, Plaintiff was placed on paid administrative leave pending an investigation into Plaintiff's report about Wear and allegations of retaliation. ASU retained Carrie Love at Armstrong Teasdale to conduct an independent investigation. In her final report (the "AT Report"), the investigator found credible evidence of Wear's misconduct but found insufficient evidence to support Plaintiff's retaliation allegations. (Doc. 81 (AT Report filed under seal) at 4-5; 15.) Based on these findings, ASU communicated a final determination to Plaintiff, Wear, Anderson, and Wear's victims on December 10. (*See* ABOR Motion in Limine No. 4.) On December 12, ASU formally terminated Plaintiff's employment by letter from Anderson. (*Id.*)

ABOR moves to admit the AT Report for the non-hearsay purpose of establishing the information available to ASU and Anderson and their resulting state of mind at the December termination. Excluding the AT Report would prevent ABOR from explaining the legitimate, good-faith basis for its actions, which is the central issue in this case. The key question for the jury will not be the "truth" of the AT Report's findings, but ASU's motive in formally terminating Plaintiff. *See Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("ultimate burden" of establishing defendant's intentional discrimination always remains with plaintiff); *Gray v. City of New York*, 2011 WL 6153635, at *14 (E.D.N.Y. Dec. 12, 2011) ("It must be stressed that in discrimination and retaliation cases, 'we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what motivated the employer, . . . the factual validity of the underlying imputation against the employee is not at issue.'") (cleaned up) (quoting *McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006)).

The AT Report is highly probative of ABOR's state of mind, motive, and intent. Anderson will testify that the Report substantiated his good-faith reasons for terminating Plaintiff. Courts across jurisdictions admit evidence like the AT Report as relevant, probative, and helpful non-hearsay. *See e.g. Lewis v. Sunrise Hosp. and Med. Ctr. LLC*,

2

2025 WL 1112936, at *1 (9th Cir. Apr. 15, 2025) (coworker complaints to HR admissible to show that the employer "received the complaints" and they "informed [its] decision-making process"); *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (third-party complaints to management were not hearsay and were "relevant in demonstrating Lockheed's non-discriminatory intent in its employment practices"); *Hollins v. Fed. Nat. Mortg. Ass'n*, 760 A.2d 563, 573-74 (D.C. 2000) (reliability of two independent investigations "irrelevant" where "[t]he only questions pertinent here are whether [the employer] believed, in good faith," that the misconduct occurred and "whether its decision . . . was based on that belief"); *Montoya v. Orange Cnty. Sheriff's Dep't*, 987 F. Supp. 2d 981, 993 (C.D. Cal. 2013) (prior investigations were neither hearsay nor improper character evidence under Rule 404(b) because they were admissible to show employer's "motive"); *Ramirez Rodriguez v. Boehringer Ingelheim Pharm., Inc.*, 425 F.3d 67, 77 (1st Cir. 2005) (company report and physician statements were admissible not for their truth, but "to demonstrate that [plaintiff's] superiors had reason, based on a thorough investigation, to believe that he had" engaged in misconduct); *Barney v. Consol. Edison Co. of N.Y.*, 2009 WL 6551494, at *14 (E.D.N.Y. Oct. 1, 2009) (independent internal audit report "admissible to show that the decision-maker 'legitimately believed [that plaintiff] had acted improperly'") (quoting *Vahos v. Gen. Motors Corp.*, 2008 WL 2439643, at *4 (E.D.N.Y. June 16, 2008); *Gray*, 2011 WL 6153635, at *14 (E.D.N.Y. Dec. 12, 2011) (written report documenting student complaints was admissible not to show the complaints were made or that plaintiff had been intoxicated at a school dance, but to establish his supervisor "legitimately believed" the misconduct occurred).

   For these reasons, ABOR respectfully moves for an order that:

   The Armstrong Teasdale Investigative Memorandum (Doc. 81 (filed under seal)) is admissible for the purpose of establishing the information available to ABOR's decision-makers and their resulting state of mind and motive for the December 2019 employment action at issue.

3

Dated this 7th day of November, 2025.

PAPETTI SAMUELS WEISS MCKIRGAN LLP

/s/Robert McKirgan
Robert McKirgan
Lawrence A. Kasten
Jennifer Lee-Cota
Heather Robles

*Attorneys for Defendants*

## GOOD FAITH CONSULTATION CERTIFICATE

Pursuant to Local Rule of Civil Procedure 7.2(l), undersigned counsel certifies that the parties consulted in good faith in an effort to resolve the disputed evidentiary issues subject of the foregoing motion. Despite conferral, the parties could not resolve the dispute.

PAPETTI SAMUELS WEISS MCKIRGAN LLP

/s/Robert McKirgan
Robert McKirgan
Lawrence A. Kasten
Jennifer Lee-Cota
Heather Robles

*Attorneys for Defendants*

4

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael J. Pérez
Christopher W. Rowlett
Perez Vaughn & Feasby Inc.
600 B Street, Ste. 2100
San Diego, CA 92101
perez@pvflaw.com
rowlett@pvflaw.com

José de Jesús Rivera
Miller, Pitt, Feldman & McAnally P.C.
2800 N. Central Ave., Ste. 1400
Phoenix, AZ 85004
jrivera@mpfmlaw.com

*Attorneys for Plaintiff*

/s/Joye Allen