Michael J. Pérez (California SBN 151039)
  Admitted *Pro Hac Vice*
Jeffrey R. Feasby (California SBN 208759)
  Admitted *Pro Hac Vice*
Evan C. Flores (California SBN 325006)
  Admitted *Pro Hac Vice*
PEREZ VAUGHN & FEASBY Inc.
600 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.784.3549
Facsimile: 619.460.0437
E-Mail: perez@pvflaw.com

José de Jesús Rivera (AZ SBN 004604)
Miller, Pitt, Feldman & McAnally P.C.
2800 N. Central Avenue
Phoenix, Arizona 85004
Telephone: 602.266.5557
E-Mail: jrivera@mpfmlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Cohen, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>Arizona Board of Regents, and Raymond Anderson, an individual.<br><br>    Defendants. | Case No. 2:21-CV-01178-GMS<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 3 OF 5 TO EXCLUDE ARMSTRONG-TEASDALE REPORT AND RELATED TESTIMONY; DECLARATION OF MICHAEL J. PEREZ** |

Plaintiff David Cohen ("Plaintiff") hereby moves the Court for an order *in limine* as follows:

Defendant is prohibited from referencing or introducing the report prepared at its request by the law firm Armstrong Teasdale related to Plaintiff's complaint of sexual misconduct by Bart Wear and Plaintiff's subsequent termination.

I. **THE REPORT WAS PREPARED BY A LAW FIRM FOR LITIGATION**

On August 21, 2019, Plaintiff formally lodged a complaint that his termination was retaliation for his reporting regarding ASU booster Bart Wear's sexual assault of various women and Plaintiff's related complaints that ASU did not act properly to investigate the claims about Mr. Wear's misconduct. In response, Defendant hired Armstrong Teasdale ("Armstrong") to investigate Plaintiff's claims and prepare a report (the "Report").[1] Later, after the fact, Armstrong described the investigation as having another purpose: "to identify whether sufficient factual evidence exists to conclude whether . . . ASU retaliated against Mr. Cohen for his report of Mr. Wear's conduct."[2] Pérez Decl., Ex. 1 at p. 1. The Report contains inadmissible (1) summaries of witness interviews, (2) determinations of credibility, and (3) analysis of the legal sufficiency of the evidence. The Report concluded: "I have also found insufficient evidence to conclude that the University retaliated against Mr. Cohen[.]" *Id*. at 21.

II. **THE REPORT WOULD USURP THE JURY AND COURT**

The Report is an attempt to "Trojan Horse" legal conclusions and expert opinion on the ultimate issue of the case into the trial. The Report contains an analysis of witnesses and evidence to determine whether Plaintiff had been subjected to unlawful retaliation. The Report, prepared by a law firm with "specialized knowledge" of the law, is an expert opinion

---

[1] A copy of the Report is attached to the Pérez Decl., below as Ex. 1.

[2] Importantly, the investigation was described as an investigation into the sexual harassment claims only, and later reclassified as having a dual purpose to also investigate the retaliation claims. Exhibit 2 to the Pérez Decl. includes true and correct copies of related emails describing the work. There are more than 20 emails describing the investigation as "an investigation into allegations of harassment" and not a single email refers to it as a "retaliation" investigation.

disguised as an ordinary trial exhibit. Fed. R. Evid. 701(c), 702. Such evidence is not admissible as lay testimony (Fed. R. Evid. 701(c)), and Armstrong was never designated as an expert. Therefore, the Report is inadmissible opinion evidence.

Furthermore, while "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact" (Fed. R. Evid. 704(a)), "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Century Int'l Arms Inc. v. XTech Tactical LLC*, No. CV-18-03404-PHX-GMS, 2020 WL 5757619, at *2 (D. Ariz. Sept. 28, 2020) (quoting *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)). Attempts by witnesses to make conclusions of law invade "the distinct and exclusive province of the trial judge." *Nationwide Transp. Fin.*, 523 F.3d at 1058–59 (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)). But that is exactly what the Report does – sets forth legal opinions and an opinion on ABOR's potential liability in this case. The Report is also inadmissible on these grounds.

But assuming, *arguendo,* the Report could be used to present lay testimony, the Report would still be inadmissible. "Rule 701(b) is designed to 'provide assurances against the admission of opinions **which would merely tell the jury what result to reach**.'" *Hester v. BIC Corp.*, 225 F.3d 178, 181 (2d Cir. 2000) (quoting Fed. R. Evid. 701 *Advisory Committee Note*). "Testimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion." *Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1468 n.3 (9th Cir. 1997). Here, the Report weighs evidence and witness credibility to reach legal conclusions. *See*, *e.g.*, Ex. 1 at 18 (***"There is insufficient evidence to conclude that ASU retaliated against Mr. Cohen based on the credibility of the witnesses and the weight of the evidence."***) Though the Report carefully avoids citations to Title VII, Title IX, or Section 1983, a cursory review shows that the law firm-prepared Report was analyzing retaliation in that context. *Id*. at 18-21 (analyzing adverse employment actions and "apply[ing] the preponderance of the evidence standard"). Defendant seeks to use the Report to persuade the jury how to apply the facts to the law in this case. This is improper, as "[s]uch

2

testimony would, in effect, instruct the jury regarding how it should decide the key question whether [the defendant] violated a statute." *Nationwide Transp. Fin.*, 523 F.3d at 1059.

The Report further infringes on Plaintiff's right to a jury trial by making credibility determinations. "As a matter of law, '[t]he credibility of witnesses is **exclusively** for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial.'" *United States v. Forrester*, 60 F.3d 52, 63 (2d Cir. 1995) (emphasis added) (quoting *United States v. Scop,* 846 F.2d 135, 142 (2d Cir. 1988)). "Far from being 'helpful,' [such] testimony invade[s] the traditional province of the jury." *Id*. This applies regardless of whether the testimony is introduced through a lay or expert witness. *See United States v. Preston*, 873 F.3d 829, 835-38 (9th Cir. 2017).

### III.     THE REPORT AND ITS CONTENTS ARE INADMISSIBLE HEARSAY

Both the Report itself and its contents are inadmissible hearsay. *See* Fed. R. Evid. 802, 805. The Report is an out-of-court statement by a law firm in anticipation of litigation which is offered for the truth of the matter and does not fall under any hearsay exception. *See Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981). The Report was neither made nor kept in the course of Defendant's "regularly conducted" activities. *See* Fed. R. Evid. 803(6). The "recorded recollection" exception would also not apply because Defendant is the party seeking its admittance. Fed. R. Evid. 803(5).

The contents of the Report are also inadmissible hearsay. Armstrong had no personal knowledge of the facts, and the Report states its contents were based upon (1) out-of-court statements by witnesses, not made under oath, and (2) Armstrong's review of unauthenticated documents given to it by ABOR. Ex. 1 at 2. Moreover, Plaintiff was not permitted to participate in witness interviews other than his own. Therefore, the Report's contents do not fall under an exception to the hearsay rule for statements in business records. *See, e.g.*, *Clark*, 650 F.2d at 1037 (holding hearsay statements in business records only admissible if declarant "was acting routinely" and "under a duty of accuracy").

///

///

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court bar the admission of the Armstrong-Teasdale Report and any testimony or other evidence thereof, other than the date the investigation began.

DATED: November 12, 2025     PEREZ VAUGHN & FEASBY INC.

By: _____
        Michael J. Pérez
        Attorneys for Plaintiff

# CERTIFICATION OF COUNSEL

Pursuant to LRCiv 7.2(1), the undersigned counsel certifies that the parties have met and conferred in good faith in an effort to resolve the disputed evidentiary issues that are the subject of this motion.

DATED: November 12, 2025       PEREZ VAUGHN & FEASBY INC.

By: _____
       Michael J. Pérez
       Attorneys for Plaintiff

**DECLARATION OF MICHAEL J. PEREZ**

I, Michael J. Pérez, hereby declare,

1. I am an attorney duly licensed to practice law in the State of California and admitted *pro hac vice* for this matter. I am a partner at the law firm of Pérez Vaughn & Feasby Inc., attorneys for plaintiff David Cohen in the above-captioned action. I have personal knowledge of the facts set forth in this declaration and, if called upon to testify, I could and would testify competently thereto.

2. Attached herein as Exhibit 1 is a placeholder, directing this Court to a true and correct copy of the Armstrong Teasdale report, filed by Defendant as Exhibit 1 to Defendant's Motion in Limine No. 3.

3. Attached herein as Exhibit 2 is a placeholder for the exhibit to be filed under seal. The Exhibit 2 filed under seal is made up of true and correct copies of numerous relevant emails regarding the Armstrong Teasdale report. There are more than 20 emails describing the Armstrong Teasdale investigation as "an investigation into allegations of harassment" and not a single email refers to it as a "retaliation" investigation. Upon information and belief, every email reaching out to witnesses for the Armstrong Teasdale investigation referred to the investigation in this manner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of November, 2025, in San Diego, California.

_____
Michael J. Pérez

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 12, 2025, I transmitted the above documents to the individuals identified below via email.

Robert H. McKirgan
Jennifer Lee-Cota
Papetti Samuels Weiss McKirgan LLP
rmckirgan@pswmlaw.com
jleecota@pswmlaw.com

José de Jesús Rivera
Miller, Pitt, Feldman & McAnally P.C.
jrivera@mpfmlaw.com

_____
Michael J. Pérez

# Exhibit 1

**<u>Placeholder</u>**
Refer to Exhibit 1 of
Defendant's Motion
in Limine No. 3
(Filed Under Seal)

# Exhibit 2

**<u>Placeholder</u>**

Exhibit Filed Under
Seal