**PAPETTI SAMUELS WEISS MCKIRGAN LLP**
16430 North Scottsdale Road
Suite 290
Scottsdale, AZ 85254

**Robert McKirgan** (State Bar No. 011636)
Direct Dial: 480.800.3533
Email: rmckirgan@PSWMlaw.com

**Lawrence A. Kasten** (State Bar No. 020204)
Direct Dial: 480.908.1855
Email: lkasten@PSWMlaw.com

**Jennifer Lee-Cota** (State Bar No. 033190)
Direct Dial: 480.800.3528
Email: jleecota@PSWMlaw.com

**Heather Robles** (State Bar No. 036790)
Direct Dial: 480.800.3522
Email: hrobles@PSWMlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David Cohen,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona Board of Regents; and Raymond Anderson, an individual,<br><br>        Defendants. | Case No. 2:21-cv-01178-PHX-GMS<br><br>**ABOR'S BENCH MEMO RE PRECLUSION OF REPUTATIONAL HARM DAMAGES** |

On the eve of trial, Plaintiff has filed a brief asserting he should be permitted to pursue a claim for reputational harm, and that doing so entitles him to a jury trial on compensatory damages. (Doc. 182.) His arguments should be rejected.

Reputational damages are not in the case. Plaintiff is attempting to circumvent this Court's Order excluding Plaintiff from offering expert testimony on lost future earnings (Doc. 178), and Plaintiff's arguments are inconsistent with his stipulation not to pursue emotional distress damages at trial.[1] Plaintiff's eleventh-hour request to bring excluded compensatory damages back into the case, albeit in new clothes, should be denied.

---

[1] The stipulation was a result of extensive conferral and negotiation. Among other things, Defendant agreed not to call one of its experts as a result of Plaintiff's agreement not to seek emotional distress damages.

# I. DISCUSSION

The Court has asked Defendant to address two questions: (1) Whether Plaintiff's stipulation with respect to emotional distress precludes his demand to present a "reputational harm" damages theory to the jury; and (2) Whether alleged harm to reputation can go to the jury without a calculation. The answer to the first question is "yes," and the answer to the second question is "no." In addition, and as a threshold matter, Plaintiff's attempt to pursue a "reputational harm" theory of damages is precluded by this Court's order striking expert testimony on lost future earnings.

### A. The Evidence Necessary to Establish Reputational Harm Has Been Excluded and Abandoned by Plaintiff.

On November 25, 2025, the Court excluded, in part, testimony by Plaintiff's expert, David J. Weiner, due to (among other things) disclosure violations. The Court ruled that Plaintiff may not elicit testimony from Weiner regarding prospective employment as an Athletic Director ("AD Opinions"). (Doc. 178 at 2, 6). Weiner's testimony must be limited to alleged harm resulting from Plaintiff's inability to continue his ASU position as Senior Associate Athletic Director ("SAAD Opinions"). *Id.* Since the SAAD Opinions go, at most, to potential equitable relief, which must be tried to the Court, the Court proposed an instruction at the pre-trial conference that would bifurcate the trial between liability (for the jury) and, if necessary, relief (for the Court). Plaintiff is now seeking to undermine that ruling.

In the Title VII context, allegations of reputational injury may not be amorphous general claims disconnected to pecuniary losses. They may be pursued by a Plaintiff only to the extent that damage to reputation can be shown to reduce future earnings. *E.g.*, *United States v. Vulcan Soc., Inc.*, 897 F. Supp. 2d 30, 49 (E.D.N.Y. 2012), *order clarified sub nom. United States v. City of New York*, 2013 WL 12318105 (E.D.N.Y. June 3, 2013), citing, *inter alia*, *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998).

Specifically, "lost future earning capacity based on reputational harm" must be

supported by "competent evidence" of a "diminution in [Plaintiff's] ability to earn a living." *Id.* (quoting *Williams*, 137 F.3d at 952). In other words, Plaintiff is not entitled merely to say he believes his reputation has been harmed, and then to ask the jury to make up a number. He may pursue diminished reputational damages only if he could offer evidence of a quantifiable reduction in future compensation. But this is precisely the evidence that the Court already has excluded.

Unable to pursue his lost future earnings claim, Plaintiff is left, at most, with some sort of argument that he is hurt because he does not have his job of choice or his termination resulted in harm to reputation that makes him feel badly. That is nothing more than a repurposed emotional distress claim. A Plaintiff must come forward with "'competent evidence' that the [defendant's] discriminatory practices caused damage to [his] professional standing, character, and reputation – **beyond simply the denial of the prestige benefits of [his former] position** – and that this injury 'caused a diminution in [his] ability to earn a living.'" *Id.* at 49, citing *Williams*, 137 F.3d 952 (emphasis added). Unable to pursue a lost future earning claim because of the exclusion of his expert, Plaintiff is left arguing at most about lack of satisfaction in his new employment and general psychological damages – that is an emotional distress claim, if at all, which Plaintiff has abandoned.

Thus, in response to the Court's first question, Plaintiff's stipulation on emotional distress precludes him from pursuing a reputational harm theory at trial. Although in some cases, a claim for reputational harm might be able to stand alone, this is not such a case. Exclusion of Plaintiff's expert testimony precludes him from pursuing lost future earnings, leaving him at most with alleged emotional injuries. But he has given those claims up by stipulation.[2]

---

[2] Plaintiff cites cases for the propositions that compensatory damages ***may*** include injury to reputation, and that compensatory damages are typically legal remedies that should be considered by a jury. (Doc. 182 at 2:1-16). Defendant does not disagree with either of these general points, but they do not help Plaintiff here. His problem is that his expert's exclusion and his stipulation, and the absence of any evidence of quantifiable harm resulting from the alleged harm to his reputation, foreclose such damages here.

### B. In Any Event, Plaintiff Must Offer a Calculation, and He Cannot.

In any event, Plaintiff does not have any evidence of quantifiable pecuniary harm causally connected to his alleged diminished reputation. Put simply, he has no calculation to offer to the jury, just speculation. Relief under Title VII cannot be speculative. *E.g., Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996); *Hare v. Potter*, 549 F. Supp. 688, 695 (E.D. Pa. 2007) (damages in Title VII case cannot be awarded if "it is uncertain whether the damages sought resulted from the unlawful act."). In light of the Court's expert ruling, Plaintiff has little, other than possibly his own speculative testimony, to show that the alleged damage to his reputation is tethered to any actual economic consequence. This falls far short of the standard required in a Title VII case (and in civil cases generally). *See, e.g., Do v. Arizona State Univ.*, No. CV-22-00190-PHX-JJT, 2025 WL 871015, at *4 (D. Ariz. Mar. 20, 2025) (plaintiff's statement about salary and alleged toll that defendant's conduct took on her was not sufficient to pursue reputation-harm claim; Plaintiff must provide computation, through expert testimony, of earning potential and job-market economic factors); *Madsen v. City of Phoenix*, No. CV-19-03182-PHX-GMS, 2023 WL 2042254, at *6 (D. Ariz. Feb. 16, 2023) (plaintiff's subjective concern that reputation might be harmed not sufficient to permit jury to award damages); *see also Johnson Indus. Sales, Inc. v. Strema Sales Corp.*, 224 F. App'x 709, 711-12 (9th Cir. 2007) (fact that reputation was important to plaintiff's business was not sufficient to prove damages). Plaintiff, at most, will be impermissibly asking the jury merely to pull a number out of a hat.

### II. CONCLUSION

Given this Court's ruling precluding Plaintiff's expert from testifying about lost future earnings, Plaintiff's claim for reputational harm is necessarily subsumed within his abandoned emotional distress claim. In addition, and independently, Plaintiff's inability to present a non-speculative, evidence-based computation of reputational harm to the jury also precludes his reputational-harm claim.

Dated this 3rd day of December, 2025.

            PAPETTI SAMUELS WEISS MCKIRGAN LLP

            /s/Robert McKirgan
            Robert McKirgan
            Lawrence A. Kasten
            Jennifer Lee-Cota
            Heather Robles

            *Attorneys for Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael J. Pérez
Jeffrey R. Feasby
Evan C. Flores
Perez Vaughn & Feasby Inc.
600 B Street, Ste. 2100
San Diego, CA 92101

José de Jesús Rivera
Miller, Pitt, Feldman & McAnally P.C.
2800 N. Central Ave., Ste. 1400
Phoenix, AZ 85004
jrivera@mpfmlaw.com

*Attorneys for Plaintiff*

/s/Joye Allen

6