**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

David Cohen,

      Plaintiff,

v.

Arizona Board of Regents,

      Defendant.

No. CV-21-01178-PHX-GMS

**ORDER**

Pending before the Court is Plaintiff-Appellant David Cohen's Certificate of Non-Necessity of the Court Reporter's Trial Transcript (Doc. 215). Pursuant to Ninth Circuit Rule 10-3.1(f), this Court "shall determine which party shall pay for which portions of the transcript." For the reasons discussed below, the Court finds that Plaintiff must order the trial transcripts, and the parties shall evenly divide the costs.

## BACKGROUND & NINTH CIRCUIT RULE 10.3-1

On December 12, 2025, this Court entered judgment against Plaintiff (Doc. 207) following a seven-day trial and a jury verdict in favor of Defendant-Appellee Arizona Board of Regents (Doc. 206). The jury found that Plaintiff had not proven his claim for retaliation against Defendant. (*Id.* at 2). On January 12, 2026, Plaintiff filed a Notice of Appeal (Doc. 210) in which he indicated that he was appealing from the judgment (Doc. 207) and several of the Court's orders (Docs. 23, 99, 115, 130, 177, 178).

On January 22, 2026, ten days after filing the Notice of Appeal, Plaintiff sent Defendant's counsel his "Initial Notice . . . pursuant to Ninth Circuit Rule 10-3.1(a)." (Doc.

216-2 at 2).  Under Rule 10-3.1(a), an appellant is required to serve any appellee "with a notice specifying which portions of the transcript appellant intends to order from the court reporter, as well as a statement of the issues the appellant intends to present on appeal."  Appellants are required to do so "within [seven] days of filing the notice of appeal."  9th Cir. R. 10-3.1(a).  Upon service of such notice, the appellee has seven days to "respond to appellant's initial notice by serving on appellant a list of any additional portions of the transcript that appellee deems necessary to the appeal."  9th Cir. R. 10-3.1(b).  If the appellee does identify additional portions of the transcript, the appellant must either (i) order and pay for the additional portions; or (ii) certify to the district court that those additional portions "are unnecessary to the appeal and explain[] why not."  9th Cir. R. 10-3.1(f).  The appellant bears the burden of establishing that any disputed portions of the transcript are unnecessary.  *Wannamaker v. Mabus*, No. 3:16-cv-00549, 2018 WL 2728016, at *2 (D. Idaho June 6, 2018); *Hudock v. Aventis Pharm., Inc.*, No. CV-02-583, 2006 WL 1127373, at *1 (D. Ariz. Apr. 26, 2006).

In his January 22 Notice, Plaintiff stated that he "intend[ed] to order full transcripts from each hearing" for the orders he identified in his Notice of Appeal (Doc. 206 at 2) and for "Civil Trial, beginning December 2, 2025 until Jury Verdict." (Doc. 216-1 at 2).  He further identified ten issues that he intended to raise at appeal, three of which are relevant here:

> (2)  The Court's grant of summary judgment as to Appellee Raymond Anderson based on the parties' briefing, arguments, and burdens surrounding qualified immunity;
>
> (3)  The Court's denial of Appellant's Motion for Reconsideration related to the Court's previous decision granting summary judgment for Appellee Raymond Anderson;
>
> (4)  The Court's denial of Appellant's Motion for Certificate of Appealability/Motion to Sever related to Appellant's request for immediate appeal of the summary judgment grant in favor of Appellee Raymond Anderson;
>
> . . .

(*Id.* at 2-3).

- 2 -

Four days later, on January 26, 2026, and before receiving any Rule 10-3.1(b) response from Defendant, Plaintiff filed a transcript request, only ordering transcripts for the Final Pretrial Conference and for two Motion Hearings. (*Id.* at 5). On January 27, 2026, Plaintiff's counsel emailed Defendant's counsel to "confirm that Plaintiff intends to limit his appeal to the 1983 issue outlined in our January 2[2], 2026 Notice of Appeal letter," seemingly referring to the three issues referenced above. (*Id.* at 8). On January 28, 2026, Defense counsel requested "a clean Rule 10-3.1(a) letter that states plainly what issues [Plaintiff] intends to present on appeal and which portions of the transcript [Plaintiff] believes are necessary." (*Id.* at 13).

Fifteen days later, on February 12, 2026, Plaintiff provided a second Rule 10-3.1(a) Notice, which stated that "Plaintiff is no longer seeking to appeal any issues except the dismissal of Raymond Anderson via summary judgment." (*Id.* at 17). Plaintiff further stated that his January 26, 2026 "transcript order only ha[d] orders related to that one issue."[1] (*Id.*). He identified the Motion Hearing transcripts as the "transcript for the initial January 10, 2025 summary judgment hearing" and the "transcript from the June 2, 2025 hearing, during which the Court addressed Plaintiff's Motion for Certificate of Appealability." (*Id.*). Plaintiff clarified that he "did not order the trial transcripts," because he is of the opinion that "those transcripts have no bearing on the Court's Order granting summary judgment in favor of Mr. Anderson." (*Id.*).

Defense counsel responded on February 13, 2026 with its Rule 10-3.1(b) response, arguing that "the trial transcript . . . is also necessary to the appeal given the overlap between the clarified issue on which [Plaintiff] intend[s] to appeal and the trial." (*Id.* at 20). Defense counsel further argued that the jury's "dispositive finding on retaliation . . . is relevant to appellant's claims against Mr. Anderson and provides a basis for affirmance of the district court's order on appeal." (*Id.*). Defense counsel later offered to "split the cost of the trial transcript." (*Id.* at 22).

---

[1] It remains unclear whether Plaintiff's reference to "that one issue" (Doc. 216-1 at 17) refers solely to the Court's order granting summary judgment in favor of Appellee Anderson or if Plaintiff refers to the three issues quoted above from his initial Rule 10-3.1(a) Notice.

- 3 -

**ANALYSIS**

Plaintiff fails to show that the disputed trial transcripts are unnecessary. In his Reply, Plaintiff cites Ninth Circuit case law regarding appellate review of summary judgment motions but attempts to apply standards governing parties' waiver to constrain the appellate court's ability to review relevant information from the record. (*See* Doc. 217 at 2 (citing *Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 500 (9th Cir. 1997)). Contrary to Plaintiff's assertions, the Ninth Circuit may affirm a "district court's grant of summary judgment . . . if it is supported by any ground in the record, whether or not the district court relied upon that ground." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 330 (9th Cir. 2017) (quoting *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997)). In other words, the Ninth Circuit "may affirm the district court's correct legal results even if they were reached for the wrong reasons." *United States v. $25,000 U.S. Currency*, 853 F.2d 1501, 1504 n.1 (9th Cir. 1988) (citing *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir. 1985)); *see, e.g.*, *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 691 (9th Cir. 2001) (affirming district court's grant of summary judgment where, even assuming error, there was not reversible error).

Indeed, given the jury's finding of no retaliation and the overlap of legal and factual issues between the claim Plaintiff intends to appeal and the claims that proceeded to trial, there is substantial potential for arguments regarding harmless error on appeal. In his Certificate, Plaintiff himself raises the merits of his First Amendment retaliation claim, attempting to differentiate it from his claims that proceeded to trial. (Doc. 215 at 2-3). And as this Court has previously held, these claims "rely entirely on the same set of facts." (Doc. 130 at 6). If the Court of Appeals determines that this Court erred in its finding that Appellee Anderson was entitled to qualified immunity at the summary judgment stage, it will have to grapple with "the same set of facts" (*id.*) and substantially overlapping legal standards. *See Tennison*, 244 F.3d at 691; *compare* Ninth Circuit Manual of Model Criminal Jury Instructions § 9.9 & cmt. (2025 ed.) *with* (Doc. 199).

Finally, Plaintiff's alternate attempt to construe his issue on appeal narrowly, urging that the Court's order granting summary judgment in favor of Anderson focused solely on the second prong of qualified immunity, is also unsuccessful. He argues that the trial transcripts are irrelevant and unnecessary because they do not directly pertain to the legal questions relevant to that prong.  (Doc. 217 at 2-3).  But he neglects to argue that the trial transcripts are unnecessary as to any other arguments—such as harmless error—on which Defendants may rely on appeal.  *$25,000 U.S. Currency*, 853 F.2d at 1504 n.1; *BNSF Ry. Co. v. Flies Away*, No. 05-0386, 2007 WL 926912, at *1 (D. Ariz. Mar. 26, 2007) (noting that "[a] party may decide to use the transcript to underscore or further explain its positions throughout this litigation").

Accordingly, Plaintiff has failed to establish that the trial transcripts are unnecessary. *Wannamaker*, 2018 WL 2728016, at *2; *Hudock*, 2006 WL 1127373, at *1.

## CONCLUSION

Given Plaintiff's failure to comply with the Circuit's procedure for ordering transcripts under Rule 10-3.1 and his failure to establish that the trial transcripts are unnecessary, Plaintiff will order the additional transcripts.  The parties shall evenly divide the costs. Because the Court finds that the issues presented by Plaintiff's Certificate of Non-Necessity can be decided without oral argument, the Court denies Defendant's request (Doc. 218).

Accordingly,

**IT IS ORDERED** that Plaintiff will order the trial transcripts designated in Defendant's Rule 10-3.1(b) Response (Doc. 216-1 at 20) pursuant to Ninth Circuit Rule 10-3.1(d)-(e), and the parties shall evenly divide the costs.  The Court Reporter need not provide the transcripts until her costs have been fully paid.

**IT IS FURTHER ORDERED** that Defendant's Request for Brief Oral Argument (Doc. 218) is denied.

Dated this 10th day of March, 2026.

G. Murray Snow
G. Murray Snow
Senior United States District Judge